UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOYCE DENESE MARSHALL                                                                    PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:13-cv-347-HTW-LRA

CAROLYN W. COLVIN
Commissioner of Social Security                                                          DEFENDANT

REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to Plaintiff's Motion for Reversal and/or Remand [10] and Defendant's Motion for an Order Affirming the Decision of the Commissioner [12]. Having considered the record in this matter, the undersigned recommends that Plaintiff's motion be denied and that Defendant's motion be granted.

**HISTORY**

Plaintiff's application for supplemental security income was denied initially and upon reconsideration, as well as denied by an Administrative Law Judge (ALJ) on January 23, 2012, and the Appeals Council on April 9, 2013. [9] at 5, 25. Plaintiff was 55 years old at the time of the hearing before the ALJ, making her a person of "advanced age" for social security purposes. [9] at 24. Plaintiff has a college education and before claiming to be disabled, worked as a medical assistant. [9] at 33, 137.

Following the applicable five-step analysis,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of July 20, 2010 (step 1), and had severe impairments of diabetes mellitus, depression, anxiety, hypertension, obesity, fibromyalgia, edema and gastro-esophageal reflux disease (GERD) (step 2). The ALJ concluded that Plaintiff's impairments were not as severe as any impairment listed as presumptively disabling in the applicable regulations (step 3). The ALJ then concluded that Plaintiff retained the residual functional capacity (RFC) to perform medium work,[2] except that Plaintiff was only able to lift 25 pounds occasionally and 15 pounds frequently; walk and stand for six hours in 20 minute increments; sit for six hours in an eight hour workday for two hours at a time; occasionally climb, stoop, balance, crouch, kneel and crawl; occasionally reach overhead with the right upper extremity; and push and pull 25 pounds[3] but less than 10 with the right upper

---

[1] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). If, at any step, the plaintiff is determined to be disabled or not disabled, the inquiry ends. The plaintiff bears the burden through the first four steps of the analysis. At the fifth, the defendant must show that there is other substantial work in the national economy that the claimant can perform. *See, e.g., Myers v. Apfel*, 238 F.3d 617, 619-620 (5th Cir. 2001).

[2] For social security determination purposes jobs are classified by physical exertion requirements as sedentary, light, medium, heavy, and very heavy. For purposes of this case, three definitions are relevant. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567.

[3] The undersigned has been unable to find any medical record limiting Plaintiff's lifting. Plaintiff reported that she frequently lifted 25 pounds in her previous job. [9] at 138.

extremity and the right lower extremity.  The ALJ concluded that despite her mental impairments, Plaintiff could understand simple instructions and perform routine repetitive tasks; concentrate for two-hour periods on such tasks; interact occasionally with the general public; work with non-confrontational supervision; adapt to routine changes adequately; exercise adequate judgment in work-related activities; and that her reliability was fair.  The ALJ determined that Plaintiff was unable to return to her past relevant work as a medical assistant (step 4).  *Id.* at 20.  At step 5, utilizing the testimony of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing other work and therefore not disabled.  [9] at 24-25.

## STANDARD OF REVIEW

When considering social security appeals, this Court's review is limited to determining whether substantial evidence supports the findings made by the Social Security Administration and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Adler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).  The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found

to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)*; Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.

## THE ISSUES PRESENTED

Plaintiff contends that the ALJ committed reversible error by relying on the testimony of the vocational expert (VE) in this case. Specifically, Plaintiff argues that the VE's testimony was inconsistent with the Dictionary of Occupational Titles (DOT) and that it was error to rely on it without explaining the discrepancies. Plaintiff further argues that the VE's opinion was based on assumptions and definitions at odds with social security regulations.

Social Security Ruling (SSR) 00-4p requires that an ALJ inquire as to whether a VE's testimony is consistent with the DOT. The ALJ did inquire on the record in this case and received an affirmative response from the VE. [9] at 44. The Fifth Circuit has held that if there is in fact an implied or indirect conflict between the VE's testimony and the DOT, the ALJ may still rely on the testimony without addressing the conflict, as long as substantial evidence supports the testimony. *Carey v. Apfel*, 230 F.3d 131, 145-47 (5th Cir. 2000).

Plaintiff argues that there is a direct conflict[4] in this case between the VE's testimony and the DOT such that the ALJ had to resolve the inconsistencies on the record. Specifically,

---

[4]SSR 00-4p does not distinguish between direct and indirect conflicts.

Plaintiff argues that because her lifting was restricted to no more than 25 pounds occasionally, not 50, she met the requirements for light work, not medium.  Plaintiff further argues that she could not perform light work with her restriction to walking and standing in twenty-minute intervals.  Therefore, according to Plaintiff, the VE's opinion that she could perform two medium exertional level jobs runs afoul of social security regulations and definitions since it is assumed that one who can perform medium work can also perform light work, which requires a great deal of walking and standing.  20 C.F.R. § 1567(c)("If someone can do medium work, we determine that he or she can also do sedentary and light work.").

Plaintiff also argues that the ALJ's RFC finding that she can understand simple instructions and perform routine tasks conflicts with the reasoning level required for the dishwasher and linen room stocker[5] jobs the VE testified that she could perform, both of which list a reasoning level of 2 in the DOT job description.[6]

Defendant argues that because Plaintiff did not develop these issues at the hearing, and because substantial evidence supports the Commissioner's decision, the denial of benefits should

---

[5]The number given by the ALJ for the linen stocker job actually corresponds to a meat clerk job, which is also a medium exertional level job with an SVP of 2.

[6]In addition to exertional limits, jobs are categorized as unskilled, semi-skilled and skilled.  To determine the skill level, consideration is given to how long it takes to learn the job by examining the level of specific vocational preparation (SVP).  SVP levels 1-2 (short demonstration only and up to one month respectively) are unskilled jobs, levels 3-4 (up to three months and up to six months) are semi-skilled, and levels 5 and higher (over six months and up) are skilled jobs.  The DOT further describes reasoning levels required for particular jobs.  Reasoning level 2 requires one to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."

be affirmed.  *See Carey*, 230 F.3d at 146 ("claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT").  Defendant points out that Plaintiff's lifting capability exceeds the requirements for light work.  Defendant correctly asserts that Plaintiff's lifting restrictions imposed by the ALJ's residual functional capacity (RFC) assessment fall between the medium and light levels.  Defendant also points out that the ALJ's determination that Plaintiff could walk and/or stand six hours a day, albeit in twenty-minute intervals, is not in conflict with the physical requirements for medium or light work.  SSR 83-10.

     Plaintiff cites SSR 83-10 in support of her position.  While Plaintiff could, according to the ALJ's RFC, only occasionally lift up to 25 pounds, as the ruling itself notes: "The ultimate question in the medical-vocational evaluation of the capability to do other work is whether work that an individual can do functionally and vocationally exists in the national economy."  The hypothetical posed by the ALJ in this case included all the restrictions referenced in the RFC and the expert still testified that Plaintiff could perform other work.  As the *Carey* Court noted, the Fifth Circuit has held that "DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job."  230 F.3d at 145.

     Again, the ALJ asked if the testimony was consistent with the DOT, and the VE testified that it was.  The VE was given the 25-pound lifting restriction, yet still testified that Plaintiff could perform the work.  Plaintiff did not challenge that testimony on cross-examination.  [9] at 44.  The ALJ did not address the alleged conflict.  An argument may be made that no conflict having been raised, the ALJ did not violate SSR 00-4p.  *See, e.g., Gaspard v. SSA*, 609 F. Supp.

2d 607, 614 (E.D. Tex. 2009).  SSR 00-4p provides that:

> [w]hen a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT.  In these situations, the adjudicator will:
>
> > Ask the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT; and
> >
> > If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

The VE was given the lifting restrictions imposed by the RFC and testified that Plaintiff could perform other jobs available in the national economy.  As noted *supra*, the medical records provided do not reflect any lifting restrictions and the VE testified that Plaintiff was performing her prior job as a medical assistant at a medium exertional level.  No challenge was made at the hearing to the VE's testimony and the undersigned concludes that any conflict between the VE's testimony and the DOT does not warrant remand in this instance.

Significantly, as noted *supra*, note 3, the ALJ does not reference lifting restrictions imposed by any medical provider when limiting Plaintiff's lifting to 25 pounds occasionally.  A functional capacity examination (FCE) dated October 11, 2010, reflected no lifting restrictions. [9] at 150.  There does not appear to be substantial evidence supporting the ALJ's conclusion that Plaintiff can only lift 25 pounds occasionally.  That being the case, Plaintiff's argument regarding the VE's testimony fails as a matter of course with respect to her claim that the FCE limits her to light exertional level lifting.

Plaintiff also argues the FCE's limiting her to simple instructions and repetitive tasks is consistent with the DOT's reasoning level 1, not reasoning level 2 as required by the DOT job descriptions of the two jobs given by the VE.  However, Plaintiff's limitations were provided by

7

the ALJ to the VE in the hypothetical and the VE testified Plaintiff could nonetheless perform the jobs identified.  The jobs given by the VE require a skilled vocational preparation (SVP) level of 2, and are both classified as unskilled.  Plaintiff could, per the FCE determined by the ALJ, perform unskilled work.  Plaintiff's limitation to simple instructions and repetitive tasks do not preclude these jobs.  "[C]ases either hold or intimate that a limitation to simple and repetitive tasks is *consistent* with a reasoning level of 2."  *Gaspard*, 609 F. Supp. 2d at 617 (emphasis in original).  Accordingly, this case is distinguishable from *Lloyd v. Astrue*, 2012 WL 3685967 (S.D. Miss. June 21, 2012), which was remanded for further development of the record where a VE testified that a claimant with a described reasoning level of 1 could perform jobs with a reasoning level of 3.

## CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that Plaintiff's Motion be denied and Defendant's Motion for an Order Affirming the Decision of the Commissioner be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted, this the 29th day of December, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE